IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTLAND WAYNE KING, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-CV-3154-N-BT |
| | § | |
| LORIE DAVIS, Director TDCJ-CID | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the Court recommends that the petition be dismissed.

On June 8, 2012, a jury convicted Petitioner of capital murder for shooting a bank security guard during robbery; the trial court sentenced Petitioner to life in prison. *State of Texas v. Courtland Wayne King*, No. F-

1

1159371-U (291st Dist. Ct., Dallas County, Tex., June 8, 2012). On January 28, 2014, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *King v. State*, No. 05-12-00842-CR, 2014 WL 310113 (Tex. App. – Dallas, Jan. 28, 2014, pet. ref'd). On July 23, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0332-14 (Tex. Crim. App. 2014).

On February 27, 2015, Petitioner filed a state habeas petition. *Ex parte King*, No. 72,077-02. On March 2, 2016, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On November 6, 2016, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) The trial court violated his due process rights when it granted his motion for new trial, but failed to retry the case;

(2) He received ineffective assistance of trial counsel when counsel failed to adequately investigate the case;

(3) He received ineffective assistance of appellate counsel when counsel failed to notice that the trial court granted Petitioner's motion for new trial; and

(4) The prosecutor failed to provide defense counsel with all of the video of the shooting.

2

On March 23, 2017, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. On April 13, 2017, Petitioner filed a reply.

## II.

**A.   Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

expired. 28 U.S.C. § 2244(d)(1)(A).[1] Here, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review on July 23, 2014. The conviction became final ninety days later, on October 21, 2014. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until October 21, 2015, to file his federal petition.

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). On February 27, 2015, Petitioner

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

filed his state habeas petition. This petition tolled the limitations period for 369 days, until the Court of Criminal Appeals denied the petition on March 2, 2016. When 369 days were added to the October 21, 2015, filing deadline, the new deadline became October 24, 2016.

Petitioner was required to file his § 2254 petition by October 24, 2016. He did not file his petition until November 6, 2016. His petition is therefore untimely under § 2244(d)(1)(A).

It appears Petitioner is claiming his petition is timely under §2244(d)(1)(D), which states that the limitations period begins on the date the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner argues he has new evidence that the prosecutor withheld video of the shooting. He states the prosecutor only admitted evidence from three video-camera views, while Petitioner alleges there were sixteen video-camera views. Petitioner, however, submitted no evidence that any video was withheld. Instead, he filed a motion for evidentiary hearing to discover if his counsel "did or did not" receive all evidence. (ECF No. 12 at 6.) Further, he raised this claim on state habeas review. Defense counsel filed an affidavit rebutting the claim by stating the prosecutor provided him with all of the video from several different video

cameras. (ECF No. 10-6 at 15.) Defense counsel stated that some of the video cameras showed the shooting, but not all of the camera angles captured the offense. (*Id.*) Petitioner has failed to show his petition is timely under § 2244(d)(1)(D).

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled about his habeas remedies or was prevented in some extraordinary way from asserting his rights. Petitioner has failed to show he is entitled to equitable tolling.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d).

Signed February 7, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).